Filed 8/21/23  P. v. Zaiza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081236 |
| v. | (Super.Ct.No. RIF116172) |
| JOSE ROBERTO ZAIZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Jose Roberto Zaiza, in propria persona; and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Jose Roberto Zaiza appeals the denial of his Penal Code section 1172.6[1] petition to vacate his conviction for attempted murder. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Zaiza filed his own supplemental brief. We affirm.

BACKGROUND

In 2005, the Riverside County District Attorney charged Zaiza along with a codefendant with attempted premeditated murder (§§ 664, 187, subd. (a)), torture (§ 205), commercial burglary (§ 459), and street terrorism (§ 186.22, subd. (a)). The prosecution also alleged a number of enhancements, including that Zaiza personally inflicted great bodily injury in committing the attempted murder and torture. Zaiza proceeded to trial, where a jury found him guilty as charged and found all enhancement allegations true.

In 2022 Zaiza petitioned for resentencing under section 1172.6. The trial court held a hearing on the petition in April 2023. At the hearing, the People told the court they sent Zaiza's counsel the jury instructions used at Zaiza's trial and "[n]one of the applicable instructions were given, not even aiding and abetting, much less natural and probable consequences or felony murder." Zaiza's counsel confirmed he reviewed the instructions and concurred that "[n]o applicable instructions were given." Accordingly, the trial court denied Zaiza's petition.[2]

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] The jury instructions discussed on the record in the trial court are not themselves included in our record. Nevertheless, the record we have is sufficient to determine whether the petition was properly denied.

ANALYSIS

On Zaiza's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order, a defendant has no constitutional right to independent review under *Anders/Wende*[3] if appellate counsel cannot identify any arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) Here, after appellate counsel filed a brief notifying us Zaiza's appeal presented no arguable issues, we offered Zaiza an opportunity to file a personal supplemental brief, and he did so.

However, Zaiza's supplemental brief makes no *specific* arguments. Instead, Zaiza only generally "request[s] further review of other case [l]aw and or new Senate Bills that were included in Defendant[']s petition." *Delgadillo* does not require such further review—indeed, it holds defendants are not entitled to independent review of postjudgment orders. As stated above, *Delgadillo* only requires that we "evaluate the specific arguments presented in [the supplemental] brief." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232)

---

[3] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

3

Since Zaiza's supplemental brief does not raise specific, substantive arguments, nothing in *Delgadillo* requires us to discuss the merits of Zaiza's section 1172.6 petition. Nevertheless, we briefly address why Zaiza's petition was properly denied.

Under section 1172.6, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced." (§ 1172.6, subd. (a).)

Here, both the People and Zaiza's counsel agreed in the trial court that Zaiza's jury was not instructed on the natural and probable consequences doctrine. Section 1172.6, by its terms, applies to attempted murders only when based on the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) There is no suggestion that this agreement was factually in error. Accordingly, we find no error and affirm.

## DISPOSITION

We affirm the order denying Zaiza's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

4